### CHAPMAN AND GRIGGS V. WELLES.

An objection to a juror, which is not a ground for a principal challenge, shall not set aside the verdict.

THIS was an action of book debt brought by Chapman and Griggs, in the capacity of assignees of George Caldwell, a bankrupt.

The general issue was pleaded, and a verdict for the de-fendant.

Mr. Root and Mr. Larrabee, counsel for the plaintiffs, moved in arrest of judgment; and assigned for cause,— That the account on which the action was founded, consisted prin-cipally of moneys paid to the defendant, to have been by

Chapman et al. v. Welles.

him applied in payment of sundry executions, which he, as deputy sheriff, had in his hands against said Caldwell; and that the defendant did not apply those moneys to the use intended, but Caldwell discharged the executions in another manner, and had received no benefit from those moneys which creates the debt against the defendant in this action: That one of the jurors who tried said cause was largely indebted on the books of said Caldwell, for moneys paid to him in the same manner, during a time in which he acted as constable of the town of Hartford; which account is warmly contested by said juror; therefore said juror was deeply interested in the point in question, which was a matter not known to the plaintiffs at the time of the trial: And also, that the jury were much divided in their sentiments, as to the legality of the charges in the plaintiffs' account.

The motion in arrest overruled.

By Law, C. J., Sherman and Pitkin, JJ.    On inquiry, it does not appear that this juror was any way interested in the event of this cause, nor that there is any controversy subsisting between him and the plaintiffs respecting the account found in said Caldwell's book, nor that anything said respecting that account had influence with the jury in giving their verdict; and the book containing the account referred to was in the plaintiffs' hands, and by them exhibited on the trial; therefore, it must be presumed they knew the contents of it; and if they had any exception to the juror, they ought to have challenged him before the trial; but as there appears no ground for a principal challenge, the objection ought not now to be admitted, to set aside the verdict.

Chapman et al. v. Welles.

DYER, J., dissenting. For though on inquiry, it did not appear that this juror was interested in the event of the cause then on trial, yet that he was materially interested in the only essential point in question, on which the event of this cause wholly depended: This was, if a debtor, on execution, should pay a sum of money to the officer who held the execution, to be applied in payment of such execution, and the officer neglecting to apply or indorse the same on such execution, whether a charge on book, or a book debt, can bé maintained against such officer who has neglected or refused to apply the same.

Another material point in the cause was, whether the oath of a creditor is sufficient to support a charge under all the circumstances which occurred in this case.

The third point, whether Caldwell, the creditor (and on whose oath the truth of the charge much depended) was a person of sufficient credit to support the same.

The cause in question was brought forward by the plaintiffs, as assignees of Caldwell, by act of assembly; and the books have been in their hands for more than twelve years, in which they discovered this charge for certain sums of money paid to Welles, the defendant, then a deputy sheriff, on certain executions then in his hands against Caldwell, and is said never applied; but that Caldwell hath since been obliged to pay the whole sums of said executions: Said sums before paid were found by the plaintiffs charged on said Caldwell's book, when the same came into their hands. The juror excepted against, by the motion in arrest, was a deputy sheriff at the same time with the defendant, and had sundry executions in his hands against said Caldwell, in the same

manner as the defendant; and when the jury retired for consideration, said Caldwell's book was delivered them, as evidence of the charge against the defendant, Welles; and it appeared by sundry of the jury, that when they had taken their room, the juror excepted against searched the book, in order to find whether said Caldwell had made a like charge against him; and that he soon found said Caldwell's account against himself, charging sundry sums paid on executions in the same manner as those charged against the defendant, and then declared to the jury, that there was no truth in the charge — he did not believe a word of it, and that Caldwell had no right to make such charge. The jury separated that evening, without much consultation upon the cause, and when they came together the next morning they found this juror still looking over his account, as the evening before: On this, some of the jury told him he ought not to be attending so much to his own account, but to the charge against the present defendant. On which this juror made much the same declaration as the evening before, and appeared from the beginning, strongly opposed to allowing any charge made by said Caldwell against Welles, the defendant, though several of the jury seemed to entertain a favorable opinion of the whole; but finally brought in a verdict in favor of the plaintiffs, only for a hat of about the value of forty shillings. They rejected the whole charge of the moneys paid on said executions, though the defendant could not show any application of said moneys upon executions he ever had against said Caldwell: Therefore, I am fully of opinion, that the said juror was deeply affected and interested in the material point in the present cause, and which would have been a principal challenge, and a sufficient objection against him,

if it had been known and made before trial; and therefore the cause was not tried by more than eleven legal jurors.

The observations and declarations of said juror, on the charges of a similar nature against himself, which he declared to be false in the presence of the jury, is highly probable to have had a very considerable effect and influence on them, and was new evidence not produced on trial, by which the plaintiffs were deprived of a fair and impartial trial of the cause, and ought by no means to be concluded thereby, and the verdict ought to be set aside.

Note.— In this case a motion was filed for a *habeas corpus*, to bring into court, under the custody of the sheriff and keeper of the goal, Charles Caldwell, a debtor, then in prison, that he might give testimony in said action. The court granted the motion, and ordered a *habeas corpus* to issue accordingly.

ELLSWORTH, J., excused himself from judging in this case.